UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE JOBE,
    Plaintiff,

v.

LJ ROSS ASSOCIATES, INC.,
a Michigan corporation,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Denise Jobe, through counsel, Michigan Consumer Credit Lawyers, states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA. 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Clinton Township, Macomb County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the term is defined and or used in the MOC.

5. The Defendant to this lawsuit is LJ Ross Associates, Inc. ("LJ Ross Associates") which is a Michigan corporation that maintains registered offices in Jackson, Jackson County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Henry Ford Health System in the amount of $204.71 that was incurred on February 15, 2016 (the "Debt").

9. The Debt is regarding Heather Jobe, Ms. Jobe's daughter who incurred the alleged Debt when she was a minor.

10. On July 6, 2016, Ms. Jobe filed Chapter 7 Bankruptcy. She included the alleged Debt, which is the subject of this lawsuit, in her bankruptcy filing.

11. On October 12, 2016, Ms. Jobe's Chapter 7 Bankruptcy was discharged.

12. On or about November 15, 2016, Ms. Jobe received a letter from Defendant attempting to collect the Debt, which was discharged in her Chapter 7 Bankruptcy.

13. On or about December 2, 2016, Defendant sent Ms. Jobe another letter attempting to collect the alleged Debt. In this letter, Defendant failed to identify itself as a debt collector. Defendant attached an itemization of services from Henry Ford which showed that the debt was incurred on February 15, 2016.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

17. Defendant is a "debt collector" under the FDCPA.

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(11) by failing to identify itself as a debt collector in subsequent communications. Defendant did this when it sent Ms. Jobe a letter attempting to collect the Debt without disclosing that the communication was from a debt collector.

    b. 15 U.S.C. §1692e(2)(A) by misrepresenting the legal status, character, or amount of any debt. Defendant did this when it attempted to collect the alleged Debt from Plaintiff when it was discharged in her bankruptcy filing.

    c. 15 U.S.C. §1692f(1) by collecting any amount that is not permitted by law. Ms. Jobe does not owe the alleged Debt as it was discharged through her bankruptcy, yet Defendant is attempting to collect it from her.

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt when it sent Ms. Jobe a letter attempting to collect the Debt that was discharged in her bankruptcy;

    b. MCL §339.915(f)(ii) by misrepresenting the legal status of a legal action being taken or threatened; and

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: December 30, 2016